FILED
03 MAR 21 AM 9: 52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

BRENDA ROBERTS, as Administratrix
of the Estate of TERRY ROBERTS,

    Plaintiff,

vs.          CASE NO. CV-02-J-2415-J

GENERAL MOTORS CORPORATION,

    Defendant.

ENTERED
MAR 2 1 2003

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 23), and memorandum and evidence in support thereof, to which the plaintiff has failed to respond.[1] The court has reviewed all of the pleadings and briefs submitted to date.

### I. Factual Background

This case was removed to this court from the Circuit Court of Marion County, Alabama, based on diversity jurisdiction. *See* Notice of Removal. The plaintiff asserts that the motor vehicle operated by the decedent, a 1982 Chevrolet S-10 pickup, was defective, in that the rear axle of the vehicle broke, causing plaintiff's decedent

---

[1] On October 25, 2002, the court entered a Scheduling Order and Exhibit A thereto (doc. 17), which set forth time limits for filing and responding to motions for summary judgment. Pursuant to Exhibit A, the plaintiff had until March 10, 2003 to submit a response to the defendant's motion for summary judgment. To date, no response has been received by the court.



to lose control of the vehicle and result in the fatality. Complaint, ¶¶ 8, 10. The plaintiff states a claim under state law for wrongful death, under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD"). Complaint, ¶¶ 11-16.

The defendant filed a motion for summary judgment alleging it can have no liability for the decedent's death because the decedent had a blood-alcohol level of .221 shortly after the accident. Defendant's brief at 1 and Exhibit B thereto. Additionally, the defendant's expert witness, Alan Wilinski, states by affidavit that the fracture of the rear axle of the pickup truck had to occur from a lateral impact during the accident, rather than as a cause of the accident. Wilinski affidavit, ¶ 11, submitted as Exhibit D to defendant's brief. Thus, the defendant alleges there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

> party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party must demonstrate that there is a "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); Fed.R.Civ.P. 56(c).

"A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AL Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for

summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

### III. Legal Analysis

In the light most favorable to the non-moving party, the court finds the sole dispute in this case to be whether the truck axle broke, causing the accident at issue, or whether the decedent veered off the road and struck an embankment, thereby breaking axle as a result of the impact. The plaintiff has offered no evidence refuting that a blood-serum test taken less than two hours after the decedent drove off the road showed a blood-alcohol level of .221 percent (221.0 mg/dL). Defendant Exhibit B. The legal limit for operating a motor vehicle is .08 percent. §32-5A-191(a)(1), Alabama Code 1975, as amended. The parties agree that the decedent died as a result of the injuries he sustained in this accident. Complaint, ¶ 10, defendant brief at 2.

The Alabama Supreme Court has held that, in the context of a products-liability action, "[u]nder the substantial evidence rule the nonmovant, in order to defeat a properly supported summary judgment motion, must present 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" *Morguson v. 3M Company*, 2003 WL 856070 (Ala. March 7, 2003), *3; citing *Kirk v. Garrett Ford Tractor, Inc.* 650 So.2d 865, 866 (Ala.1994). To establish liability under the

AEMLD, the plaintiff must show that (1) the defendant manufacturer sold a defective product, (2) that defect was the cause in fact of the plaintiff's injury and is traceable to the defendant, and (3) the product reached the plaintiff without substantial modification to the condition in which it was sold. *Sears, Roebuck & Co., Inc. v. Haven Hills Farm, Inc.*, 395 So.2d 991 (Ala. 1981).

Here, the plaintiff offers no evidence of the cause of the broken axle other than to assert it caused the accident. While a claim under the AEMLD does not necessarily require expert testimony, the plaintiff must produce some evidence from which a jury could conclude that the axle was defective. *See Goree v. Winnebago Industries, Inc.*, 958 F.2d 1537, 1541 (11th Cir.1992); citing *Sears, Roebuck & Co., Inc.*, 395 So.2d at 995. The plaintiff bears the burden of presenting substantial evidence of proximate cause. *Morguson*, 2003 WL 856070, * 3; citing *Hicks v. Vulcan Eng'g Co.*, 749 So.2d 417, 424 (Ala.1999). "Proximate cause is an act or omission that in a natural and continuous sequence ... produces an injury or harm and without which the injury or harm would not occur. *Morguson*, supra at *3; citing *Dillard v. Pittway Corp.*, 719 So.2d 188, 192 (Ala.1998).

In the facts before this court, the defendant has presented evidence that the plaintiff was intoxicated at the time of the accident. The plaintiff has not refuted this evidence. Under Alabama law, contributory negligence bars the recovery in an

5

AMELD case if a contributing proximate cause of the accident was the plaintiff's failure to use reasonable care. *See Campbell v. Cutler Hammer, Inc.* 646 So.2d 573 (Ala.1994);*Uniroyal Goodrich Tire Co v. Hall*, 681 So.2d 126 (Ala.1996).

### IV. Conclusion

The plaintiff has failed to present any evidence to this court which supports his claim that the vehicle in question was defective. The defendant has presented substantial evidence that, even if a defect existed, the plaintiff was contributorily negligent to the accident. The court finds these issues dispositive of the plaintiff's claim under the AEMLD. As such, the defendant is entitled to judgment as a matter of law as there is no genuine issues of material fact left for a jury to decide . Therefore, the Court **GRANTS** the defendant's motion for summary judgment.

**DONE** and **ORDERED** this the _20_ day of March, 2003.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE